UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL ADRIAN TORRES,<br><br>Defendant. | No. 1:18-cr-00147-DAD-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL<br><br>(Doc. No. 74) |

**BACKGROUND**

On January 23, 2020, defendant Raul Adrian Torres entered a plea of guilty in this action to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 56, 57.) He was thereafter sentenced to 78 months imprisonment in the custody of the U.S. Bureau of Prisons. (Doc. Nos. 64, 65.) Although he was subject to an order of detention throughout the proceedings before this court and did not move for release on bail either at the time he entered his guilty plea nor at the time of his sentencing, defendant Torres now moves for his release on bail pending his appeal. (Doc. No. 74.) The government has opposed the motion. (Doc. No. 78.) Defendant has filed a reply as well as well as additional declarations of his counsel in support of his motion. (Doc. Nos. 84, 97.) For the reasons explained below, defendant's motion will be denied.

/////

After arraigning defendant Torres on the criminal complaint that initiated his prosecution in this action, the duty magistrate judge ordered defendant Torres detained pursuant to 18 U.S.C. § 3142 based upon the finding that by a preponderance of the evidence that no condition or combination of conditions would reasonably assure his appearance as required and that by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community were he to be released. (Doc. No. 8.) The court noted that defendant was charged with a serious crime and had previously evaded police. (*Id.*) Because at the time of his initial appearance on June 22, 2018, defendant was in state custody with approximately 90 days remaining to be served on a state prison sentence, he did not oppose the government's motion seeking his detention. (*See* Doc. No. 93 (6/22/18 Hearing Transcript) at 5.) In light of those circumstances, the detention order was issued without prejudice to defendant seeking bail review based upon new or additional information including those reflecting changed circumstances. (*Id*. at 6.)

Defendant initially pled guilty to the charge of being a convicted felon in possession of a firearm on December 10, 2018, (Doc. No. 19), but was permitted to withdraw that plea approximately one year later (Doc. No. 34). Thereafter, motions to dismiss the indictment and to suppress evidence seized by law enforcement were filed on his behalf (Doc. Nos. 39, 40), both of which were denied (Doc. Nos. 45, 72). Defendant again pled guilty to violating 18 U.S.C. § 922(g)(1) on January 23, 2020. (Doc. No. 57.) That plea was entered pursuant to a plea agreement under which he specifically retained the right to appeal the district court's denial of the above-mentioned motions. (Doc. No. 56 at 8.) Defendant was sentenced to a 78 month term of imprisonment on March 6, 2020, (Doc. No. 64), and judgment was entered on March 11, 2020, (Doc. No. 65).[1] Defendant filed a notice of appeal on March 17, 2020. (Doc. No. 66.) According to his appointed counsel on appeal, as of May 26, 2020, defendant Torres remained incarcerated at the Fresno County Jail and had not been moved to an institution designated by the U.S. Bureau of Prisons. (Doc. 84 at 2.)

---

[1] Prior to his sentencing in this case, defendant Torres completed serving his state sentence in February 2020. (Doc. No. 74 at 3.)

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(b), a defendant found guilty of an offense and sentenced to a term of imprisonment must be detained during the pendency of appeal unless the court finds the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released" and that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (i) reversal, . . . [or] (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B)(i), (iv). If the court makes such a finding under subsection (B)(iv), it must "order the detention terminated at the expiration of the likely reduced sentence." *Id*. § 3143(b)(1). "[A] 'substantial question' is one that is 'fairly debatable,'. . . or 'fairly doubtful.'" *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). In other words, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id*. (citation omitted). Thus, "[t]he defendant ... need not, under Handy, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003). The defendant bears the burden of showing he has raised a "fairly debatable" issue on appeal. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

**DISCUSSION**

Defendant Torres suffered two prior felony convictions for domestic violence in 2016 and 2017. (Doc. No. 24, Presentence Report (PSR) at 910.) In now moving for bail pending appeal, his appellate counsel unpersuasively attempts to minimize those convictions by describing them as "situational domestic violence offenses arising out of arguments with girlfriends." (Doc. No. 74 at 5–6.) The prior convictions involved conduct on the part of defendant Torres that was violent in nature. In the 2016 case, defendant punched the victim in the face and kicked her in the stomach, apparently because she had said something that angered him. (PSR at 9–10.) Similarly, in the 2017 incident, defendant punched the victim in the face multiple times and struck her in the face with his knee multiple times. (*Id*. at 10.)

In this case defendant Torres pled guilty to knowingly possessing a firearm with the knowledge that he had previously been convicted of two felony offenses. (Doc. 56 at 11.) That possession of a firearm was unquestionably demonstrated because a video of defendant holding the firearm was posted on Snapchat. (*Id.* at 5.) The serial numbers to the firearm had been obliterated. (*Id.* at 6.) In addition, when plainclothes officers attempted to apprehend defendant and yelled "Stop, Fresno Police!" – defendant fled on foot before being caught in a nearby alley, at which time defendant continued to resist and shout obscenities at the officers. (*Id.* at 5–6.) At one point during the arrest, defendant indicated that if he had known right away that the arresting officers were from law enforcement, he would have drawn the weapon and "shot it out" with them, or he would have placed the weapon to his head and pulled the trigger. (*Id.* at 6.) He also told one of the officers that he would "smoke" him. (*Id.*) Defendant's argument that he never used a firearm in the commission of a crime (*see* Doc. 74 at 6) is not at all compelling given the circumstances of this case.

The court acknowledges that it appears defendant has now dropped out of the gang of which he was once a member. (*Id.* at 13.) The court also recognizes, as it did at the time of his sentencing, that defendant was quite young at the time he committed the prior domestic violence felony offenses (18 and 19 years old, respectively) as well as the firearms offense for which he was convicted in this case (20 years old). (Doc. No. 85, Reporters Transcript of Proceedings held 3/6/2020, at 13–14.) In addition, defendant was unfortunately using methamphetamine during this period of his life and that clearly played a significant role in his commission of the felony offenses. (PSR at 13.) He also has accepted responsibility for his actions in connection with the domestic violence incidents and in this case. (*Id.* at 11.) Moreover, there is some record evidence to suggest defendant is making efforts to rehabilitate himself while in custody. (*Id.* at 5.)[2] On the other hand, defendant suffered a disciplinary violation in 2018 while detained within the Kern County Jail. (*Id.*) Viewing the record as a whole, including the violent nature of his prior

---

[2] Consideration of these mitigating circumstances resulted in the undersigned varying downward from the advisory sentencing guidelines range pursuant to 18 U.S.C. § 3553(a) and sentencing defendant to a 78 month term of imprisonment.

offenses and the nature of the offense conduct in this case, defendant cannot be said to have demonstrated 'by clear and convincing evidence that [he] not likely to flee or pose a danger to the safety of any other person or community if released[.]" 18 U.S.C. § 3143(b)(1)(A).

**CONCLUSION**

Because defendant has not satisfied his burden under 18 U.S.C. § 3143(b)(1)(A), the court need not address whether he has "raise[d] a substantial question of law or fact" on appeal.[3] Accordingly, defendant's motion for bail pending appeal (Doc. No. 74) is denied.

IT IS SO ORDERED.

Dated: __**June 24, 2020**__                             _____
                                                                                    UNITED STATES DISTRICT JUDGE

---

[3] Defendant also argues in passing that his request for release on bail pending appeal should be viewed with favor because he "has an incentive to comply with the law and conditions of bond because jail is the last place a person wants to be during the present COVID-19 crisis." (Doc. No. 74 at 6.) While the court is sympathetic to the issues raised by COVID-19's spread throughout certain federal correctional facilities, defendant cites no authority (and the court has discovered none) suggesting COVID-19 should be considered in the court's determination as to whether defendant meets the threshold requirements under § 3143(b)(1)(A) and (B). *See United States v. Gutierrez-Gomez*, No. 2:19-CR-0006-KJM, 2020 WL 2556942, at *4 (E.D. Cal. May 20, 2020) (finding COVID-19's spread throughout certain correctional facilities has no bearing on court's determination of the propriety of release pending appeal); *see also United States v. Singh*, No. 2:14-CR-00648-CAS, 2020 WL 2768848, at *7 (C.D. Cal. May 27, 2020) ("[D]efendant's generalized COVID-19 concerns do not provide a basis for granting defendant bail pending his appeal.") (and cases cited therein).

5