HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
RAUL ADRIAN TORRES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00147 DAD-SKO |
|---|---|
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| RAUL ADRIAN TORRES, | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| Defendant. | Judge: District Judge |

Defendant, RAUL ADRIAN TORRES, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.   Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.   The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Torres received 5 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 7, which placed Mr. Torres in criminal history category IV with a recommended guideline range of 84 - 105 months;

4. On March 6, 2020, this Court sentenced Mr. Torres to a term of 78 months imprisonment;

5. The sentencing range applicable to Mr. Torres was subsequently lowered by the status-point provision, which reduces his criminal history score to 5, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 70 to 87 months;

6. Because Mr. Torres is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Torres's term of imprisonment to 70 months, effective February 1, 2024, but if the amount of time served as of February 1, 2024 exceeds 70 months, the sentence is instead reduced to a sentence of time-served as of February 1, 2024.

Respectfully submitted,

Dated:  January 24, 2024                                     Dated:   January 24, 2024

PHILLIP A. TALBERT                                           HEATHER E. WILLIAMS
United States Attorney                                       Federal Defender

 */s/ Shelley D. Weger*                                       */s/ Peggy Sasso*
SHELLEY D. WEGER                                             PEGGY SASSO
Assistant U.S. Attorney                                      Assistant Federal Defender

Attorney for Plaintiff                                       Attorney for Defendant
UNITED STATES OF AMERICA                                     RAUL ADRIAN TORRES

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Torres is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from IV to III, resulting in an amended guideline range of 70 to 87 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2020 is reduced to a term of 70 months, effective February 1, 2024, but if the amount of time served as of February 1, 2024 exceeds 70 months, the sentence is instead reduced to a sentence of time-served as of February 1, 2024.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Torres shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **January 26, 2024**

UNITED STATES DISTRICT JUDGE